FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 FEB 28 AM 10:14
CLERK R. [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KENDALL YOUNG,

Plaintiff,

v.

CIVIL ACTION NO.: CV211-007

TOMMY GREGORY, Sheriff, and
CAMDEN COUNTY SAFETY
COMPLEX,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Camden County Jail in Woodbine, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts when he jumped onto his top bunk, the bed fell to the floor and injured his head. Plaintiff states he was not allowed to call his mother or his attorney immediately following the incident.

Plaintiff's claims against the Camden County Safety Complex should be dismissed. While local governments qualify as "persons" to whom § 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), penal institutions are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003).

Plaintiff names Sheriff Tommy Gregory as a Defendant in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to

relief." FED. R. CIV. P. 8(a)(2). It appears that Plaintiff attempts to hold Defendant Gregory liable based solely on his supervisory position. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

Even if Plaintiff had listed a proper Defendant, he would still be unable to sustain his claim in this lawsuit. An allegation that a defendant acted with negligence in causing Plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a cognizable claim under § 1983.

SO REPORTED and RECOMMENDED, this 28th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE